UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MISTER SPROUT, INC.,                              :
                                                  :
                        Petitioner,               :
                                                  :         10 Civ. 6036 (RMB)
          - against -                             :
                                                  :         **DECISION & ORDER**
WILLIAMS FARMS PRODUCE SALES, INC.,               :
                                                  :
                        Respondent.               :
------------------------------------------------------------x

**I.     Background**

On August 11, 2010, Mister Sprout, Inc. ("Petitioner") filed this appeal, pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499 et seq., from a "reparation order" of the United States Department of Agriculture ("USDA"), dated July 15, 2010, awarding $30,880.00 (plus interest and "handling fees") to Williams Farms Produce Sales, Inc. ("Respondent") for Petitioner's refusal to pay for two truckloads of tomatoes.  (Petition, dated Aug. 11, 2010, ¶ 5; see PACA E-08-520, Docket R-09-082, dated July 15, 2010 ("USDA Decision"), at 1, 6.)  Petitioner asserts that it was not required to pay for the tomatoes because Respondent "shipped tomatoes that were not 85 percent U.S. No. 1 [grade], as specified in the contract[]."  (Pet. ¶ 6.)

On January 4, 2011, Petitioner filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, arguing, among other things, that Petitioner did not breach its contract with Respondent because there is "no [legal] authority" for the USDA to have permitted an "allowance[] . . . of 22 percent for average defects" instead of "15 [percent] average defects [as] permitted [by] 7 C.F.R. § 51.1861(a)(2)."  (See Pet'r Mot. for Summ. J., dated Jan. 4, 2011 ("Pet'r Mot."), at 10, 12, 15.)  On January 4, 2011, Respondent filed a cross-motion for

summary judgment in which it requested "acceptance [and] affirmation" of the USDA's "findings of facts," and, in a response dated February 4, 2011, also argued that the USDA "appropriately allotted" additional allowances "to the transactions at issue." (Resp. Mot. for Summ. J., dated Jan. 4, 2011, at 3; Resp. Opp'n, dated Feb. 4, 2011 ("Resp. Opp'n"), at 6.) Respondent also seeks costs and attorney's fees pursuant to 7 U.S.C. § 499g(c). (Resp. Mot. at 3.)[1]

The underlying facts of this case, as found by the USDA, are not in dispute. On or about June 28, 2008, Petitioner purchased two truckloads of "85%#1" tomatoes from Respondent for delivery "f.o.b.," and "subject to the rules, regulations and definition of terms under the Perishable Agricultural Commodities Act." (USDA Dec. at 2; Pet. Ex. B.) On June 28, 2008, the tomatoes were shipped from Respondent in South Carolina to Petitioner in the Bronx, New York, and arrived on June 30, 2008. (See USDA Dec. at 3.) Upon arrival, inspections of the (two) truckloads revealed that both shipments had "total average defects" of 20 percent and that each "fail[ed] to grade U.S. No. 1." (USDA Dec. at 3–5.) As a result of the inspections, Petitioner refused to pay Respondent for the tomatoes and Respondent sought to enforce payment by commencing a proceeding before the USDA on September 16, 2008. (USDA Dec. at 6.)

The USDA concluded, among other things, that Petitioner breached the contract by not paying for the goods because the USDA "typically appl[ies] additional allowances" for tomatoes sold f.o.b. (U.S.D.A. Dec. at 9.) An allowance of "22 percent average defects" appropriately accounted for a "'normal' amount of deterioration." (USDA Dec. at 11); see 7 C.F.R. § 46.43(i) & (j).

---

[1]   On February 11, 2011, Petitioner filed a reply in support of its Motion. (See Pet'r Reply Mem. in Supp. of Mot. for Summ. J., dated Feb. 11, 2011.)

The parties agreed to resolve this appeal by "dispositive motion . . . on submission." (See Tr., dated Nov. 22, 2010.)

**For the reasons stated below, Respondent's motion for summary judgment is granted and Petitioner's motion for summary judgment is denied.**

## II.     Legal Standard

An appeal in the district court pursuant to 7 U.S.C. § 499g "shall proceed in all respects like other civil suits for damages, except that the findings of fact and order or orders of the Secretary [of Agriculture] shall be prima facie evidence of the facts stated therein." 7 U.S.C. § 499g(c); Frankie Boy Produce Corp. v. Sun Pac. Enters., No. 99 Civ. 10158, 2000 WL 991507, at *1 (S.D.N.Y. July 19, 2000).

"Summary judgment may not be granted unless the submissions of the parties taken together 'show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Frankie Boy Produce, 2000 WL 991507 at *1; Lumbermens Mut. Cas. Co. v. RGIS Inventory Specialists, LLC, 628 F.3d 46, 51 (2d Cir. 2010).

"An agency's interpretation of its own regulation is accorded substantial deference unless that interpretation is inconsistent with the plain language of the regulation." Kone v. Holder, 596 F.3d 141, 146 (2d Cir. 2010) (internal quotation marks and citation omitted); Tom Lange Co. v. A. Gagliano Co., 61 F.3d 1305, 1310 (7th Cir. 1995).

## III.    Analysis

Petitioner argues that it was error for the USDA to "allow[] 22 percent average defects, where [7 C.F.R. § 51.1861(a)] only permits 15 percent average defects for 85% U.S. No. 1 tomatoes" sold f.o.b. (Pet'r Mot. at 16.) Respondent counters that "[w]here tomatoes are sold '85% U.S. No. 1 [f.o.b.],' the seller . . . warrants only that the tomatoes are 85% U.S. No. 1 at

3

shipping point" and additional tolerances are allowed to account for deterioration in transit. (Resp. Opp'n at 6, 7.)

Where, as here, the contract provides for shipment f.o.b., defined by USDA regulations to mean that "the buyer assumes all risk of damage and delay in transit not caused by the seller," the USDA has permitted additional allowances beyond the 15 percent set forth in 7 C.F.R. § 51.1861 for "normal" deterioration.  7 C.F.R. § 46.43(i); id. § 46.43(j);[2] see, e.g., Sin-Son Produce Co. v. Tom Lange Co., 44 Agric. Dec. 409, 411 (1985) (additional allowance permitting "19% of the tomatoes [to] be less than U.S. No. 1 at destination"); Produce Exch., Inc. v. Tom Lange Co., 42 Agric. Dec. 1588, 1592 (1983) (additional allowance permitting "25% defects" for tomatoes "sold as 85% U.S. No. 1"); Lookout Mount. Tomato & Banana Co. v. Case Produce, Inc., 51 Agric. Dec. 1471, 1477 (1992) (additional allowance permitting "total of 23 percent . . . defects").  The USDA's decision in this case to apply a 22% allowance for tomatoes shipped f.o.b. was not "inconsistent with the plain language of [USDA] regulation[s]."  Kone, 596 F.3d at 146; see generally San Joaquin Tomato Growers Inc. v. Rafat Abdallah, 67 Agric. Dec. 645, 654 (2008); Muller Trading Co. v. Fresh Grp., Ltd., 67 Agric. Dec. 695, 700 (2008); Harvest Logistics, Inc. v. Mobile Produce, Inc., 65 Agric. Dec. 1460, 1466 (2006); see also 7 C.F.R. §§ 51.1861(a), 46.43(i) & (j).

Respondent is entitled to a judgment as a matter of law.  Frankie Boy Produce, 2000 WL 991507, at *1; see Lee Loi Indus. v. Impact Brokerage Corp., 473 F. Supp. 2d 566, 568 (S.D.N.Y. 2007).  Respondent's request for reasonable attorney's fees, pursuant to 7 U.S.C.

---

[2]  7 C.F.R. § 46.43(j) requires "the commodity, at the time of billing, [to be] in a condition which, if the shipment is handled under normal transportation service and conditions, will assure delivery without abnormal deterioration at the contract destination."  "[T]he transportation service and conditions [are, here, assumed to have been] normal."  (USDA Dec. at 9.)

4

§ 499g(c), is also granted. 7 U.S.C. § 499g(c) states, in relevant part, that "[a]ppellee shall not be liable for costs . . . and if appellee prevails he shall be allowed a reasonable attorney's fee to be taxed and collected as part of his costs."

### IV. Conclusion

For the foregoing reasons, Petitioner's Motion for Summary Judgment [#14] is denied, and Respondent's Motion for Summary Judgment [#17] is granted. The USDA's July 15, 2010 reparation order awarding Respondent "$30,880.00, with interest thereon at the rate of 0.31% per annum from August 1, 2008, until paid, plus the amount of $500.00 [handling fee]," is affirmed. (USDA Dec. at 13.)

If the parties cannot consensually resolve the issue of attorney's fees and costs, Respondent may submit to the Court documentation (including time sheets) supporting its request for reasonable attorney's fees and costs on or before March 11, 2011, and Petitioner may submit a response on or before March 18, 2011.

The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
       March 4, 2011

                                            Richard M. Berman
                                            RICHARD M. BERMAN, U.S.D.J.

5