UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
MISTER SPROUT, INC.,                                          :
                                                              :
                         Petitioner,                          :
                                                              :         10 Civ. 6036 (RMB)
         - against -                                          :
                                                              :         **ORDER**
WILLIAMS FARMS PRODUCE SALES, INC.,                           :
                                                              :
                         Respondent.                          :
---------------------------------------------------------------x

      Having reviewed the record herein, including the Court's Decision and Order, dated March 4, 2011, affirming a reparation order of the United States Department of Agriculture ("USDA") in favor of Williams Farms Produce Sales, Inc. ("Respondent"); Respondent's motion, dated March 11, 2011, seeking attorney's fees, pursuant to 7 U.S.C. § 499g(c), in the amount of $15,611.25 and costs in the amount of $990.39; Mister Sprout's ("Sprout" or "Petitioner") response, dated March 18, 2011, arguing, among other things, that "the time spent on some of the items listed [on Respondent's time sheets] is not credible"; Respondent's Reply, dated March 18, 2011; and the applicable legal authorities, the Court finds and directs the following:

      **Respondent's motion for attorney's fees in the amount of $15,611.25 and costs in the amount of $990.39 [#24] is granted.**  Respondent billed at a rate of $345 per hour, which Sprout does not challenge, and which the Court finds reasonable.  (See Decl. of Mark A. Amendola, Esq. in Supp. of Respondent's Mot., dated Mar. 11, 2011); Coe v. Town of Blooming Grove, 714 F. Supp. 2d 439, 450 (S.D.N.Y. 2010); Food Auth., Inc. v. Sweet & Savory Fine Foods, Inc., No. 10 Civ. 1738, 2011 WL 477714, at *4 (E.D.N.Y. Feb. 4, 2011).  And, the Court finds that the 45.25 hours spent by Respondent defending this action (including a successful motion for summary judgment) are reasonable.  See Frankie Boy Produce Corp. v. Sun Pac. Enters., No. 99

Civ. 10158, 2000 WL 1532914, at *2 (S.D.N.Y. Oct. 13, 2000); Kassim v. City of Schenectady, 415 F.3d 246, 254 (2d Cir. 2005) ("degree of [counsel's] success" is of "crucial importance . . . in determining the fee [award]"); Agri Exotic Trading, Inc. v. New Man Designed Sys., Cv 2007-49, 2008 U.S. Dist. LEXIS 113123, at *11 (E.D.N.Y. May 22, 2008). Sprout's objections do not take into account the time that Respondent spent on, among other things, "legal research, correspondence to client, drafting a proposed order, and reviewing local filing rules." (Sprout's Response ¶ 1; Respondent's Reply at 1); Koam Produce, Inc. v. DiMare Homestead, Inc., 329 F.3d 123 (2d Cir. 2003) aff'g 222 F. Supp. 2d 399 (S.D.N.Y. 2002).

Dated: New York, New York
      April 8, 2011

_____
RICHARD M. BERMAN, U.S.D.J.