```
UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
MISTER SPROUT, INC.,                    : 10 Civ. 6036 (RMB) (JCF)
                                        :
            Petitioner,                 :       REPORT AND
                                        :       RECOMMENDATION
      - against -                       :
                                        :
WILLIAMS FARMS PRODUCE SALES, INC.,     :
                                        :
            Respondent.                 :
- - - - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE RICHARD M. BERMAN, U.S.D.J.:

This case arose out of a claim pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a et seq. Following an unsuccessful appeal by the petitioner, Mister Sprout, Inc. ("Mister Sprout"), to the Second Circuit, the parties have been unable to agree on an award of attorneys' fees and costs to the respondent, Williams Farms Produce Sales, Inc. ("Williams"), related to the appeal. Williams now moves for an award of $25,098.75 in fees and $1,222.09 in costs. (Defendant-Appellee Williams Farms Produce Sales, Inc.'s Reply to Plaintiff-Appellant Mister Sprout, Inc.'s Memorandum of Law in Opposition to Appellate Fees and Costs ("Williams Reply Memo."), at 11).

Background[1]

   A. Procedural History

On August 11, 2010, Mister Sprout filed an appeal pursuant to Section 499g(c) from a Reparation Order of the United States Department of Agriculture (the "USDA") awarding Williams $30,880.00

---

[1] Factual aspects of the case are set forth in more detail in Mister Sprout, Inc. v. Williams Farms Produce Sales, Inc., 10 Civ. 6036, 2011 WL 797494 (S.D.N.Y. March 4, 2011), aff'd, __ F. App'x __, 2012 WL 1193614 (2d Cir. April 11, 2012).

1

for Mister Sprout's refusal to pay for two truckloads of tomatoes. (Notice of Appeal dated Aug. 9, 2010). The Honorable Richard M. Berman, U.S.D.J., affirmed the USDA's decision in favor of Williams and granted its request for reasonable attorneys' fees and costs. (Decision and Order dated March 4, 2011). Judge Berman awarded Williams its full requested fees of $15,611.25 for 42.25 hours at an hourly rate of $345 and full requested costs of $990.39. (Order dated April 8, 2011 ("April 8 Order") at 1). On April 11, 2012, the Second Circuit affirmed Judge Berman's Decision and Order in its entirety. (Summary Order dated April 11, 2011). Williams then filed the instant motion for its attorneys' fees and costs incurred in connection with the appeal to the Second Circuit. (Defendant-Appellee Williams Farms Produce Sales, Inc.'s Motion for Appellate Fees and Costs dated April 25, 2012).

    B. The Attorneys' Fee Application

The respondent's fee application requests reimbursement for 72.75 hours at an hourly rate $345.00, for a total of $25,098.75 in fees. (Declaration of Mark A. Amendola dated April 25, 2012 ("Amendola Decl."), ¶ 10; Billing Record of Mark A. Amendola, attached as Exh. B to Amendola Decl. ("Amendola Bills") at 4). Williams also requests $1,222.09 for costs including travel, an attorney admission renewal fee, copying, telefaxes, postage, legal research, and long distance telephone charges. (Amendola Bills at 4).

Mister Sprout objects to the respondent's fee application on the grounds that (1) the hourly rate sought is unreasonable; (2)

some tasks performed by Williams' attorney are not compensable; and (3) the hours spent by respondent's attorney in performing some tasks were excessive in light of the work performed. (Petitioner-Appellant's, Mister Sprout, Inc., Memorandum of Law in Opposition to Respondent-Appellee's Motion for Appellate Attorney's Fees and Costs ("Sprout Memo.") at 4-9). In addition, the petitioner opposes reimbursement of costs associated with the attorney admission renewal fee. (Sprout Memo. at 5-6, 9).

Discussion

    A. Legal Framework

Under Section 499g(c), "if appellee prevails he shall be allowed a reasonable attorney's fee to be taxed and collected as part of his costs." Here, the respondent is the prevailing party by virtue of the Second Circuit's affirmation of Judge Berman's Decision and Order. It is generally more appropriate for the district court than the circuit court to award appellate fees and costs because "[t]he district court is in closer proximity to and has greater experience with the relevant community whose prevailing market rate it is determining." Farbotko v. Clinton County of New York, 433 F.3d 204, 210 (2d Cir. 2005)

Courts have traditionally determined the reasonableness of attorneys' fees using the lodestar method: "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The Supreme Court has emphasized that the lodestar amount should be based on "prevailing market rates." Blum v. Stenson, 465 U.S. 886,

895 (1984). In <u>Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany</u>, 522 F.3d 182 (2d Cir. 2008), the Second Circuit identified confusion among the circuits as to whether case-specific variables[2] should be taken into account in setting the reasonable hourly rate or should be used in adjusting the fee determined by the lodestar calculation. See <u>id.</u> at 188. In response to this confusion, the Second Circuit instructed courts "to bear in mind <u>all</u> of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." <u>Id.</u> at 190. In rare cases, courts may adjust the presumptively reasonable fee to account for factors not adequately taken into consideration in determining the reasonable hourly rate. See <u>Perdue v. Kenny A. ex rel. Winn</u>, __ U.S. __, __, 130 S. Ct. 1662, 1673 (2010).

B. <u>Hourly Rate</u>

Courts should analyze the reasonableness of an attorney's hourly rate in light of what a reasonable person would be willing to pay for such services, "bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the

---

[2] These specific variables, outlined in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir. 1974) <u>abrogated on other grounds by</u> <u>Blanchard v. Bergeron</u>, 489 U.S. 87 (1989), are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

case effectively." Arbor Hill, 522 F.3d at 190. In determining the prevailing market rate for legal services, courts primarily refer to the rates actually charged by the applicant, the rates charged by other attorneys for similar work, and the rates awarded by courts in other cases. See Farbotko, 433 F.3d at 209. Absent special circumstances, courts should look within their own district for the determination of reasonable hourly rates. See Simmons v. New York City Transit Authority, 575 F.3d 170, 174-75 (2d Cir. 2009); Arbor Hill, 522 F.3d at 191. The burden is on the fee applicant to establish that the "requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum, 465 U.S. at 896 n.11.

Williams' attorney contends that his hourly rate of $345 is reasonable given his years of experience in this area of the law. (Amendola Decl., ¶ 10); since 1996, his practice has consisted exclusively of representing corporate clients in PACA litigation. (Amendola Decl., ¶ 4). Williams also relies on a recent fee shifting case, Coe v. Town of Blooming Grove, 714 F. Supp. 2d 439 (S.D.N.Y. 2010), vacated on other grounds, 428 F. App'x 55 (2d Cir. 2011), which held that $350 per hour was reasonable for civil rights litigation in federal court, as well as on Judge Berman's prior finding that $345 per hour was reasonable in connection with the respondent's attorney's work in the district court. (Williams Reply Memo. at 3). By contrast, Mister Sprout contends that the rate charged by respondent's attorney is unreasonable and that the

average rate for attorneys in New York is $200 per hour.[3]  (Sprout Memo. at 4).

Here, the doctrine of "law of the case" controls the issue. See Arizona v. California, 460 U.S. 605, 618 (1983) ("When a court decides upon a rule of law, that decision should continue to govern the issues in subsequent stages in the same case.").  While the doctrine is not binding, and a court has the power to revisit its previous decisions, it "should be loathe to do so in the absence of extraordinary circumstances, such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 817 (1988) (quoting Arizona, 460 U.S. at 618 n.8).  There is no reason to deviate from -- and good reason to follow -- Judge Berman's prior decision deeming the respondent's attorney's rate of $345 per hour reasonable.  Counsel's billing rates are strong evidence of prevailing market rates.  See Farbotko, 433 F.3d at 209-10; Tatum v. City of New York, No. 06 Civ. 4290, 2010 WL 334975, at *4 (S.D.N.Y. Jan. 28, 2010); Rozell v. Ross-Holst, 576 F. Supp. 2d 527, 544 (S.D.N.Y. 2008).  Furthermore, courts in this district and in neighboring districts have found similar rates to be reasonable for attorneys with similar experience.  See Coe, 714 F. Supp. 2d at 450 (holding $350 per hour reasonable for civil rights federal

---

[3] The petitioner's source for this rate -- a "Wiki.answers.com" response to the prompt "What is average hourly rate for lawyers in New York?" (Sprout Memo., Exh. A) -- is not acceptable proof.  There is no indication of how this rate was derived, it is not specific to this district, it is not limited to federal litigation, and it does not take into account attorney experience. Accordingly, I afford Mister Sprout's argument little weight.

court litigation); Wise v. Kelly, 620 F. Supp. 2d 435, 446-47 (S.D.N.Y. 2008) (collecting cases finding hourly rates of $350 to $430 reasonable for experienced attorneys); Food Authority, Inc. v. Sweet & Savory Fine Foods, Inc., No. 10 Civ. 1738, 2011 WL 477714, at *4 (E.D.N.Y. Feb. 4, 2011) (holding $325 per hour reasonable for partner litigating PACA case).

### C. Compensable Hours

In determining the reasonableness of the number of hours expended, "courts should exclude excessive, redundant or otherwise unnecessary hours." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999). Where a court finds the requested hours unreasonable, it may make specific reductions or an across the board reduction where the number of billing entries is voluminous. See In re Agent Orange Products Liability Litigation, 818 F.2d 226, 237 (2d Cir. 1987).

Mister Sprout contends that compensation is improperly sought for (1) respondent's attorney's travel time between Ohio and New York, (2) the time respondent's attorney spent on renewal of his admission to the Second Circuit bar, and (3) the time he spent correcting his own e-filing error. (Sprout Memo. at 5-8). In addition, the petitioner objects more generally that time spent on some tasks was excessive. (Sprout Memo. at 4-9). I will address each issue in turn.

#### 1. Attorney Travel Time

Williams seeks to recover for 5.5 hours on April 20, 2012, for items including its attorney's round trip travel from Ohio to New

York City, review of the file en route, and oral argument before the Second Circuit Court of Appeals.  (Amendola Bills at 4). Mister Sprout seeks to reduce this amount to 1.5 hours, arguing that travel time from Ohio should not be compensable because the respondent could have hired a local attorney. (Sprout Memo. at 8). The respondent reasons that fees should be awarded for this time because, when traveling, counsel forewent the opportunity to represent other clients and spent the flight to New York preparing for oral argument.  (Williams Reply Memo. at 9-10).

Although it is within a district court's discretion to compensate travel time at the full hourly rate, see Ruggiero v. Krzeminski, 928 F.2d 558, 564-65 (2d Cir. 1991), courts in the Second Circuit often reduce attorneys' fees for travel time by 50 percent, LV v. New York City Department of Education, 700 F. Supp. 2d 510, 526 (S.D.N.Y 2010); Wilder v. Bernstein, 975 F. Supp. 276, 284 (S.D.N.Y 1997); see also Steinberg v. Carey, 470 F. Supp. 471, 479-80 (S.D.N.Y. 1979) ("Similarly, time spent in travelling to and from conferences, court appearances and depositions should not be billed at the higher rate.").  However, in light of the Second Circuit's emphasis that a reasonable client usually hires counsel from within his district, see Arbor Hill, 522 F.3d at 191, fees associated solely with respondent's attorney's round trip travel from Ohio are not compensable.

Respondent's attorney's travel time is included in a single entry for April 20, 2012 along with other plainly compensable tasks such as participating in oral argument.  (Amendola Bills at 4).

"To the extent [] that compensable and non-compensable tasks are included in the same entry, it must be presumed that the bulk of the time was devoted to non-compensable work." Ursa Minor Ltd. v. Aon Financial Products, Inc., No. 00 Civ. 2474, 2001 WL 1842042, at *6 (S.D.N.Y. May 30, 2001).  Here, round trip travel between Ohio and New York City is approximately 4 hours, leaving 1.5 hours as fully compensable.  Of the time estimated for travel, 1.5 hours are also compensable at the full hourly rate of $345 because respondent's attorney engaged in preparation for oral argument on his flight to New York; however, the additional 2.5 hours estimated as travel time are not compensable.

      2. Renewal of Bar Admission

The respondent seeks compensation for the 1.5 hours on April 4, 2011, for reviewing the notice of appeal, drafting correspondence to the client, reviewing the Court of Appeals docket, and researching the process for renewing his admission to the bar of the Second Circuit.  (Amendola Bills at 2).  The respondent also seeks compensation for 0.5 hours on April 5, 2011, for preparation of his bar renewal.  (Amendola Bills at 2).  While the petitioner contends that it should not be responsible for the costs associated with the renewal of admission (Sprout Memo. at 5), the respondent replies that this was necessitated by the petitioner's appeal to the Second Circuit.  (Williams Reply Memo. at 5).

When an attorney agrees to represent a client in litigation, it is expected that he is already qualified to litigate the case.

Accordingly, the compensable hours for the entry of April 4, 2011, shall be reduced by 1 hour, leaving 0.5 hours compensable, and the 0.5 hours spent on April 5, 2011, will not be compensated.

### 3. Corrective Action

Williams seeks compensation for 0.25 hours spent on September, 22, 2011, spent reviewing a request for action taken to remedy the improper e-filing of a brief. (Amendola Bills at 3). The respondent also seeks compensation for 0.5 hours on September 23, 2011, implementing the correction. (Amendola Bills at 3). Mister Sprout contends that it should not be responsible for the time the respondent's attorney spent correcting his own mistake. (Sprout Memo. at 7).

Courts in this circuit have consistently found that time expended by an attorney in remedying his own errors is not compensable. See Luca v. County of Nassau, 698 F. Supp. 2d 296, 307 (E.D.N.Y. 2010) ("[T]he cost of correcting an attorney's errors, no matter how trivial, should be borne by the attorney, not the defendant."); Erath v. Academic Stone Setters, Inc., No. 07 Civ. 4229, 2008 WL 4146200, at *4 (E.D.N.Y. Sept. 8, 2008) ("I find that the additional hours expended by counsel and support staff to correct these errors and omissions are 'excessive, redundant, [and] otherwise unnecessary'" (alteration in original) (quoting Hensley, 461 U.S. at 434)); Davis v. New York City Housing Authority, Nos. 90 Civ. 628, 92 Civ. 4873, 2002 WL 31748586, at *6 (S.D.N.Y. Dec. 6, 2002) ("The 1.83 hours spent correcting time records . . . shall be discounted."). A reasonable client would not pay fees incurred

correcting errors made by the attorney.  See Luca, 698 F. Supp. 2d 296 at 306.  Therefore, the 0.25 hours billed on September 22, 2011, and the 0.5 hours billed on September 23, 2011, will not be compensated.

    4. Claims of Excessive Time Spent on Other Tasks

Mister Sprout's remaining objections involve its contention that time spent on certain tasks was excessive.[4]  (Sprout Memo. at 4-9).  Many of Mister Sprout's objections do not take into account all of the tasks completed in the entries it challenges.  For example, Mister Sprout objects that it should not have taken Williams' attorney two hours on March 9, 2011, to review Judge Berman's Decision and Order, advise his client, and contact Mister Sprout's attorney (Sprout Memo at 4); however, Mister Sprout overlooks the additional tasks contained in this entry, including drafting correspondence to both opposing and local counsel (Amendola Bills at 2).  Mister Sprout's claims are without merit. The amount of time needed by the respondent's attorney to complete these tasks was reasonable and not excessive for the successful defense of this action at the Second Circuit Court of Appeals.

    D. Calculation of the Award

Based on the analysis above, the following deductions are made from the hours requested by respondent's counsel:

---

[4] Specific billing entries in which the petitioner challenges the respondent's billed hours as excessive include entries on March 9, 2011, March 11, 2011, April 19, 2011, February 21, 2012, and February 28-29, 2012,

| Billing Entry | Number of Hours Affected | Total Deduction |
|---|---|---|
| April 4, 2011 | 1.00 | $ 345.00 |
| April 5, 2011 | 0.50 | $ 172.50 |
| Sept. 22, 2011 | 0.25 | $ 86.25 |
| Sept. 23, 2011 | 0.50 | $ 172.50 |
| April 20, 2012 | 2.50 | $ 862.50 |
| Total | | $ 1,638.75 |

Applying the reasonable rates established above to the approved hours yields the following results:

| | Hours | Rate | Total |
|---|---|---|---|
| **Requested** | | | |
| | 72.75 | $ 345.00 | $ 25,098.75 |
| **Actual** | | | |
| | 68.00 | $ 345.00 | $ 23,460.00 |

While a court may adjust the presumptively reasonable amount in determining a final award, it may do so only in exceptional circumstances and only based on factors not already accounted for in the lodestar calculation. Perdue, __ U.S. at __, 130 S. Ct. at 1673. This is not a case that warrants deviating from the presumptively reasonable fee, and I therefore recommend a fee award in the amount of $23,460.00.

E. Costs

The respondent seeks compensation for $1,222.09 in costs including the attorney's bar admission renewal fee to the Second Circuit, attorney travel, copying, telefaxes, postage, legal research, and long distance telephone charges. (Amendola Bills at 4). The $25.00 bar admission renewal fee is not compensable for the same reasons that the respondent is not entitled to fees associated with time spent on bar renewal. Additionally, the

respondent may not recover the $847.71 in costs requested for attorney travel. See U.S. ex rel. Feldman v. Van Gorp, 03 Civ. 8135, 2011 WL 651829, at *5 (S.D.N.Y. Feb. 9, 2011) ("Because competent counsel was available within the district, these travel costs were not reasonably incurred."). I therefore recommend an award of costs in the amount of $349.38.

Conclusion

For the reasons discussed, I recommend that judgment be entered awarding Williams attorneys' fees in the amount of $23,460.00 and costs in the amount of $349.38.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Richard M. Berman, Room 1320, 500 Pearl Street, New York, NY 10007, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

13

Dated:      New York, New York
            June 18, 2012

Copies mailed this date to:

Linda Strumpf, Esq.
69 Fox Run
South Salem, NY 10590
New York, New York 10019

Mark A. Amendola, Esq.
Martyn and Associates
820 Superior Avenue, N.W.
Tenth Floor
Cleveland, Ohio 44113