**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

MISTER SPROUT, INC,

                      Petitioner,

    -against-

WILLIAMS FARMS PRODUCE SALES, INC,

                    Respondent.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/25/12

10 Civ. 6036 (RMB) (JCF)

**DECISION & ORDER**

## I.  Background

On June 18, 2012, United States Magistrate Judge James C. Francis IV, to whom this matter had been referred, issued a Report and Recommendation ("Report") recommending that the Court award Williams Farms Produce Sales, Inc. ("Respondent" or "Williams Farms") $23,460.00 in attorney's fees and $349.38 in costs related to Respondent's successful defense against Mister Sprout, Inc.'s ("Petitioner" or "Mister Sprout") appeal of the Court's March 3, 2004 Decision & Order granting summary judgment in favor of Respondent.  (Report at 1, 13.) Judge Francis found, among other things, that: (1) "[R]espondent's attorney's rate of $345 per hour [is] reasonable" for work on the appeal; (2) 68 hours was reasonable for work on the appeal; and (3) $349.38 in costs related to the appeal was reasonable.  (Report at 6, 7–8, 12, 13.) Judge Francis recommended that the Court deny $862.50 for 2.5 hours of attorney travel because "a reasonable client usually hires counsel from within his district"; $517.50 for 1.5 hours for renewal of attorney bar admission because "it is expected that [an attorney] is already qualified to litigate the case"; and $258.75 for 0.75 hours for remedying improper e-filing of a brief because "[a] reasonable client would not pay fees incurred correcting errors made by the attorney."  (Report at 8, 9, 10.)  The total disallowed attorney's fees were $1,638.75 (the total

allowed was $23,460.00).  (Report at 12.)  Judge Francis also recommended that the Court deny $847.71 in travel costs and $25.00 for bar admission renewal.  (Report at 12–13.)  The total disallowed costs were $872.71 (the total allowed was $349.38).  (Report at 12–13.)

On July 2, 2012, Petitioner filed Objections to the Report arguing that: (1) "the hourly rate of $345 is excessive"; and (2) the amount of hours recorded by Respondent's attorney "is not in keeping with the work performed and the difficulty of the work."  (Pet'r's Objections to the Report and Recommendation, dated July 2, 2012 ("Pet'r's Objs."), at 1, 5.)  Petitioner did not object to Judge Francis's recommendations with respect to costs.  (See Pet'r's Objs.)

On July 2, 2012, Respondent filed an Objection to the Report arguing that the Court should award Respondent the full amount of its requested legal fees and costs because, among other reasons, the Court "granted full travel fees and costs for the underlying U.S. District Court case"; "it is normal that an out-of-state shipper will employ its main counsel from outside New York"; and "[t]here is no a priori reason why an out-of-state shipper should be compelled to rely solely upon New York counsel, with whom it is almost sure to be unfamiliar."  (Resp't's Objection to Report and Recommendation, dated July 2, 2012 ("Resp't's Obj.") at 2, 4.)  Respondent did not object to any other portion of the Report.  (See Resp't's Obj.)

On July 16, 2012, Petitioner filed a response to Respondent's Objections, arguing, among other things, that "there are numerous attorneys in the New York area, who are just as close in proximity to Respondent as their present counsel."  (Pet'r's Resp. to Objections Filed by Respondent ("Pet'r's Response"), dated July 16, 2012, at 2.)

Respondent did not submit a response to Petitioner's Objections.

**For the reasons stated below, the Court adopts the Report with the modification that the Court grants Respondent's request for attorney travel time and travel costs.**

**II.      Standard of Review**

The Court may adopt those portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous.  See Fed. R. Civ. P. 72(b); see also Deleon v. Strack, 234 F.3d 84, 86–87 (2d Cir. 2000).  The Court makes "a de novo determination of those portions of the report to which objections have been made" and "may accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate."  28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b).

"[I]t is within the Court's discretion to compensate counsel for travel time at full hourly rates."  Sulkowska v. City of New York, 170 F. Supp. 2d 359, 369 (S.D.N.Y. 2001).

**III.     Analysis**

The facts as set forth in the Report are incorporated herein by reference.  The Court has conducted a de novo review of, among other things, the record, the Report, Petitioner's Objections, Respondent's Objections, Petitioner's Response, and applicable legal authorities and adopts the recommendations of Judge Francis with the modification that Respondent is also entitled to $862.50 for 2.5 hours of attorney travel time and $847.71 in travel costs.  See Fed. R. Civ. P. 72(b)(3); Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).[1]

**(1)      Reasonable Rate**

Judge Francis correctly determined that $345 per hour is a reasonable hourly rate because "courts in this district and neighboring districts have found similar rates to be reasonable." (Report at 6–7 (citing Order, dated Apr. 8, 201l, at 1)); see Coe v. Blooming Grove, 714 F. Supp.

---

[1]      As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous.  See Pizarro, 776 F. Supp. at 817.  Any Objections not specifically addressed in this Order have been considered de novo and rejected.

2d 439, 450 (S.D.N.Y. 2010); Patrolmen's Benevolent Ass'n v. City of New York, No. 97 Civ. 7895, 98 Civ. 8202, 2003 WL 21782675 at *6 (S.D.N.Y. 2003).

      **(2)**    **Reasonable Hours**

      Judge Francis correctly found that $517.50 for 1.5 hours for Respondent's attorney's bar admission renewal is not compensable because "it is expected that [an attorney] is already qualified to litigate the case." (Report at 9.) And, Judge Francis correctly found that $258.75 for 0.75 hours for remedying an improper e-filing is not compensable because "[a] reasonable client would not pay fees incurred correcting errors made by the attorney." (Report at 10.)

      The Court respectfully disagrees with the Report's recommendation that $862.50 for 2.5 hours of attorney travel time is not compensable, see Ruggiero v. Krzeminksi, 928 F.2d 558, 564–65 (2d Cir. 1991); Sulkowska, 170 F. Supp. 2d at 369, on the theory that "a reasonable client usually hires counsel from within his district." (Report at 8.) Where, as here, Respondent is an out-of-state shipper, there is generally little "reason why an out-of-state shipper should be compelled to rely solely upon New York counsel." Koam Produce, Inc. v. Dimare Homestead, Inc., 222 F. Supp. 2d 399, 401 (S.D.N.Y. 2002) aff'd, 329 F.3d 123 (2d Cir. 2003). Moreover, it would appear cost effective to have trial counsel, who already obtained summary judgment for Respondent, argue the case on appeal. Also, the Court previously granted travel time incurred in defending the case in district court. (See Order, dated Apr. 8, 2011.) Two and a half hours of travel time appears to be reasonable. See Sulkowska v. City of New York, 170 F. Supp. 2d 359, 369 (S.D.N.Y. 2001) ("Given that plaintiff hired a firm located outside of Manhattan, it would be reasonable to expect the firm to bill plaintiff for lawyers' travel to and from the city.").

      Petitioner's Objection to certain of Respondent's billing entries as "excessive in view of the work performed" is unpersuasive. (Pet'r's Obj. at 7–11.) Judge Francis addressed this issue

and correctly found that "[m]any of Mister Sprout's objections do not take into account all of the tasks completed in the entries it challenges," and "[t]he amount of time needed by the respondent's attorney to complete these tasks was reasonable and not excessive for the successful defense of this action at the Second Circuit Court of Appeals." (Report at 11.) Many of Petitioner's Objections mirror its arguments before Judge Francis. (See Pet'r's Mem. of Law in Opp'n to Resp't's Mot. for Appellate Att'y's Fees and Costs, dated May 10, 2012, at 4–9 ("[Petitioner] contends that ½ hour to review the decision is more than reasonable."); Report at 11 ("[Petitioner] objects that it should not have taken Williams' attorney two hours on March 9, 2011, to review Judge Berman's Decision and Order, advise his client, and contact Mister Sprout's attorney; however, Mister Sprout overlooks the additional tasks contained in this entry, including drafting correspondence to both opposing and local counsel.").)

### (3)    Costs

Judge Francis correctly found that $349.38 in costs were reasonable for "copying, telefaxes, postage, legal research, and long distance telephone charges." (Report at 12.) Judge Francis also correctly found that $25.00 for bar admission renewal was not reasonable. (Report at 12.)

For the reasons stated supra Section III.2, the Court respectfully disagrees with the Report's recommendation to disallow $847.71 in travel costs. See Koam Produce, Inc., 222 F. Supp. 2d at 401; Supe v. Canon USA, No. 11 Civ. 3827, 2012 WL 1898936, at *3 (E.D.N.Y. 2012) (awarding "air fare costs incurred by Defendants' counsel."); see also (Order, dated Apr. 8, 2011.) Accordingly, the total award for costs is $1,197.09 ($349.38 plus $847.71).

**IV.    Conclusion & Order**

For the reasons stated herein and therein, the Court adopts the Report [#41] and also

authorizes an award for $862.50 (attorney travel time) and $847.71 (travel costs).  The Clerk of

the Court is respectfully requested to enter a supplemental judgment in favor of Respondent in

the amount of $24,322.50 in attorney's fees and $1,197.09 in costs.

Dated: New York, New York
      July 25, 2012

$\mathcal{RMB}$

**RICHARD M. BERMAN, U.S.D.J.**